O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0180 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | CENTER CAPITAL CORPORATION v. MAXIMUM ENGINEERING, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    On January 9, 2009, Plaintiff Center Capital Corporation ("CCC") filed this suit against Defendants Maximum Engineering, Inc. ("Maximum"), John E. Peters ("Peters"), and George C. Gamboa ("Gamboa") in connection with an agreement between the parties for CCC to loan money to Maximum. The Complaint alleges that Peters and Gamboa guaranteed the loan. On March 2, 2009, the Defendants filed their Answer to the Complaint. Plaintiff moved for summary judgment against Defendants Peters and Gamboa[1] as to the breach of guaranty claims on September 1, 2009. Defendants have not filed an opposition to this motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motion for summary judgment appears on its face to be meritorious. Accordingly, the Court GRANTS Plaintiff's motion for summary judgment as to the breach of guaranty claims.[2]

    Connecticut law governs, since the contracts in question specify that it does, and since CCC is a Connecticut corporation, so there is a basis for using Connecticut law. Statement of Uncontroverted Facts ("SUF") ¶¶ 1, 27. The elements of breach of contract in Connecticut are: 1) the formation of an agreement, 2) performance by one party, 3) breach of the agreement by the other party, and 4) damages. *Whitaker v. Taylor*, 99

---

    [1]Apparently, a bankruptcy proceeding is currently pending as to Defendant Maximum, so it would not be the proper subject of a summary judgment motion at this time.

    [2]Docket No. 30.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0180 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | CENTER CAPITAL CORPORATION v. MAXIMUM ENGINEERING, INC., *et al.* | | |

Conn. App. 719, 728 (Conn. App. 2007).

    Plaintiff has offered facts, which Defendants have not disputed, that establish each of these elements. Defendants' answer alone establishes that Maximum entered into the Master Loan Agreement and Schedule 02 with CCC and that Peters and Gamboa entered into Continuing Guarantees with Center Capital. Answer ¶¶ 7-9. Plaintiff loaned the subject funds to Maximum, so it performed under the agreements in question. SUF ¶¶ 12, 24. In addition, Defendants admit that they defaulted under the terms of the agreements. Answer ¶¶ 15, 28, 33.

    Upon a default, the Master Loan Agreement and Article 9-01 of the Uniform Commercial Code entitle CCC to accelerate all obligations due and owing and collect all unpaid installments, the accelerated principal balance, late fees, and all expenses of taking, storing and keeping the equipment, including attorneys fees and costs. Napierkowski Affidavit, Ex. A ¶ 7. Pursuant to the Continuing Guarantees, Peters and Gamboa are liable for all of Maximum's payment obligations under the Master Loan Agreement and Schedule 02, including all attorneys fees and costs associated with collecting them. Napierkowski Affidavit, Ex. C & D. CCC has established that Peters and Gamboa owe it $215,995.72 in damages as of May 13, 2009, plus subsequently accruing interest at $96.50 per day until the date of judgment, plus attorneys' fees and costs. SUF ¶¶ 13-17, 21.

    The eight affirmative defenses that Defendants assert in their Answer are wholly conclusory, and Defendants have provided no facts to support them, so these alleged affirmative defenses cannot preclude summary judgment for Plaintiff.

    For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment on the breach of guaranty claims against Defendants Peters and Gamboa.

    No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |